No. 90-077

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JAMES GREG HIGGINBOTHOM,

        Claimant and Appellant,

  -vs-

STOLTZE-CONNOR LUMBER CO.,

        Employer/Insurer and Respondent.

**FILED**

APR 23 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Workers' Compensation Court,
In and for the Area of Missoula,
The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        Janice S. VanRiper, Helena, Montana.

      For Respondent:

        Bradley J. Luck, Missoula, Montana; Todd A. Hammer,
Kalispell, Montana.

      For Amicus Curiae:

        Monte Beck, Bozeman, Montana.


Submitted: February 7, 1991
Decided:  April 23, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The Workers' Compensation Court denied rehabilitation benefits under § 39-71-1023, MCA (1987), to James Greg Higginbotham, claimant. Claimant appeals, contending that he was entitled to rehabilitation benefits during the course of the review procedure provided by statute. We reverse.

The principal issue is whether, under § 39-71-1023, MCA (1987), an insurer must pay total rehabilitation benefits to a worker during the review by the rehabilitation panel and the Department.

On September 14, 1987, claimant injured his back in a compensable work-related injury. Liability was accepted by Stoltze-Connor Lumber Co., his self-insured employer, herein referred to as insurer. In December 1987, claimant underwent a laminectomy and required subsequent surgical intervention. Claimant's physician concluded that claimant had reached maximum healing on September 16, 1988, and gave him a permanent impairment rating of 10 percent of the whole man.

The insurer notified the Division of Workers' Compensation that it had chosen Crawford Rehabilitation Services (Crawford) as its designated rehabilitation provider on March 17, 1989. The rehabilitation counselor selected by Crawford prepared a rehabilitation evaluation report in which he determined that claimant could not return to the job he held at the time of injury, but that claimant's age, education, work experience, and physical

2

condition made him vocationally capable of entering the job market without retraining as a surveyor's assistant or electronics technician. Claimant did not return to work in any capacity.

As a result of the determination that claimant had reached medical stability and was released to return to the open labor market by his treating physician, the insurer reduced his benefits from temporary total disability benefits to permanent partial disability benefits. Claimant's permanent partial disability benefits were equal to one-half of his temporary total disability benefits.

Claimant wrote the Division stating that he thought the reduced benefits were inadequate, that he was not qualified for return to work in the options designated by the rehabilitation counselor, that he was not guaranteed future gainful employment, and that he desired to be retrained. Claimant argued that he was entitled to have a rehabilitation panel review the determination and requested a contested case hearing.

In the contested case hearing, the hearing examiner for the Department of Labor and Industry described the issue as:

> The issue to be determined is whether the return to work options identified by Claimant's rehabilitation counselor are appropriate, and whether he is entitled to total compensation benefits.

The hearing examiner concluded that the mandatory rehabilitation process had not been followed, that the statutes mandated a rehabilitation panel review and a Department determination prior to termination of total rehabilitation benefits, and ordered the

3

payment of total rehabilitation benefits to the claimant pending the completion of that review.

Upon appeal, the Workers' Compensation Court affirmed the determination that the review procedure by the rehabilitation panel and the Department was required under § 39-71-1015(3), MCA (1987). The court reversed the order which required payment of total rehabilitation benefits, and in part stated:

> We find nothing in any section of the rehabilitation provisions which imposes on an insurer any total disability or total rehabilitation benefit liability once maximum healing is reached and a job market is identified for a claimant by a designated rehabilitation provider. The only risk to an insurer under these circumstances is that, on appeal or at a hearing, the labor market or jobs identified by the rehabilitation provider are found to be in error. Unfortunately for a disabled worker, that requires proof which can only be obtained at additional expense, which if claimant is receiving no benefits will be difficult to obtain.

> . . .

> Unfortunately, the result is that the Hearing Examiner abused his discretion, and indeed established a nonexistent standard to transform "eligibility" to "entitlement" for purposes of benefit payments . . . . We _reverse_ that portion of the Order directing the payment of total rehabilitation benefits because the Hearing Examiner abused his discretion and erred as a matter of law, given the evidence presented at the hearing.

The claimant appeals from that order.

I

The Vocational Rehabilitation Provisions of the Workers' Compensation Act were substantially revised in 1987. A review of those sections pertinent to this case follows.

Under § 39-71-1011, MCA (1987), a disabled worker is

4

defined as follows:

> (2) "Disabled worker" means one who has a medically determined restriction resulting from a work-related injury that precludes the worker from returning to the work the worker held at the time of the injury.

Both parties agree that claimant meets this statutory definition of a "disabled worker."

Section 39-71-1012, MCA, sets forth the rehabilitation goal and options:

> (1) The goal of rehabilitation services is to return a disabled worker to work, with a minimum of retraining, as soon as possible after an injury occurs.
> (2) The first appropriate option among the following must be chosen for the worker:
> (a) return to the same position;
> (b) return to a modified position;
> (c) return to a related occupation suited to the claimant's education and marketable skills;
> (d) on-the-job training;
> (e) short-term retraining program (less than 24 months);
> (f) long-term retraining program (48 months maximum); or
> (g) self-employment.
> (3) Whenever possible, employment in a worker's local job pool must be considered and selected prior to consideration of employment in a worker's statewide job pool.

This section emphasizes that a minimum of retraining is desired, with the primary aim being the return of the disabled worker to work as soon as possible. It also allows consideration of employment in a statewide pool as well as a local job pool.

Section 39-71-1014, MCA, in pertinent part states:

> (1) Rehabilitation services are required for disabled workers and may be initiated by:
> (a) an insurer by designating a rehabilitation provider and notifying the division;
> . . .

5

In this case, the insurer notified the Division of its choice of a rehabilitation provider on March 17, 1989, 6 months after claimant reached maximum healing.

Section 39-71-1015, MCA, with regard to evaluation and return to work provides:

> (1) If a disabled worker is capable of returning to work, the designated rehabilitation provider shall evaluate and determine the return-to-work capabilities of the disabled worker pursuant to 39-71-1012(2)(a) through (2)(d).
> . . .
> (3) If the worker has not returned to work as provided in subsection (2), the insurer shall notify the division. The division shall then designate a rehabilitation panel as provided in 39-71-1016 and refer the worker to the panel.

Here, the insurer concluded that the claimant was capable of returning to work. However, claimant did not return to work and the insurer was required to notify the Department.

Section 39-71-1016, MCA, provides the following with regard to rehabilitation panels:

> (1) The division shall designate and administer rehabilitation panels. The purpose of a panel is to advise the division on a worker's eligibility for rehabilitation services. Each panel shall issue to the division a report as provided in 39-71-1017.

Secion 39-71-1017 requires panel review and a report, stating:

> (1) The rehabilitation panel shall:
> (a) review all records, statements, and other pertinent information; and
> (b) prepare a report to the division with copies to the insurer and worker.
> (2) The report must:
> (a) identify the first appropriate rehabilitation option by following the priorities set forth in 39-71-1012; . . .

6

The procedure required under § 1017 was not followed in the present case. The rehabilitation panel did not complete its report to the Department.

Section 39-71-1018 requires the Department to make its order of determination, stating:

> (1) The division shall issue an initial order of determination within 10 working days of receipt of a report from a rehabilitation panel . . .
> (2) Within 10 working days from the date the initial order of determination is mailed, a party may submit a written exception to the order. On its own motion or at the request of any party, the division shall conduct a hearing. The division shall issue a final order of determination within 20 working days of the hearing.
> . . .
> (4) Within 10 working days after the date of mailing of the division's final order of determination, an appeal may be taken to the workers' compensation court.

None of the foregoing was followed. The Department did not conduct a hearing or issue its order of determination based upon the rehabilitation panel report.

A key provision on the issue before us is § 39-71-1023, MCA, which provides for total rehabilitation benefits during various periods and states:

> (1) A worker who no longer is temporarily totally disabled but meets the definition of a disabled worker may be eligible for total rehabilitation benefits.
> (2) Eligibility for total rehabilitation benefits begins on the date of maximum healing or the date notice is given to the division by the insurer that a rehabilitation provider has been designated, whichever is later.
> (3) Benefits must be paid at the disabled worker's temporary total disability rate for a period not exceeding 26 weeks from the date of eligibility, except that the division may extend the period for good cause.
> . . .
> (4) Total rehabilitation benefits under this

7

section terminate when:
  (a) a worker returns to work;
  (b) a worker is qualified to return to work under the priorities in 39-71-1012 pursuant to a division order; or
  (c) an I.W.R.P. is submitted to the department by the department of social and rehabilitation services.
  . . .

## II

Under § 39-71-1023, MCA (1987), must an insurer pay total rehabilitation benefits to a worker during the review by the rehabilitation panel and the Department?

Claimant contends that as he was a disabled worker who had not returned to work, the insurer was required to notify the Department, the Department was required to designate a rehabilitation panel, the panel was required to meet and make its report, and ultimately the Department was required to issue its final order of determination.

Claimant contends that under § 39-71-1023, MCA (1987), he should have received total rehabilitation benefits (equal in amount to his temporary total disability benefits) from the date of his maximum healing until the completion of the rehabilitation review procedure. He therefore contends it was improper to give him permanent partial disability benefits from the date of maximum healing.

The insurer contends that under Coles v. Seven Eleven Stores (1985), 217 Mont. 343, 704 P.2d 1048, an insurer is allowed to terminate benefits prior to completion of the mandatory rehabilitation procedure. The insurer contends that not all

8

workers are entitled to receive total rehabilitation benefits under § 39-71-1023, MCA (1987).

The amicus curiae points out that it takes several months for the rehabilitation provider to complete an assessment and several more months to complete the rehabilitation review. Amicus contends that instead of receiving his permanent disability award of $149.50 per week from the date of maximum healing, claimant was entitled to total rehabilitation benefits of $299 per week under § 39-71-1023, MCA (1987).

On September 16, 1988, claimant was no longer temporarily totally disabled and was therefore ineligible for temporary total disability benefits. However, claimant then did meet the definition of a disabled worker and became eligible for total rehabilitation benefits. We conclude that under § 39-71-1023, MCA (1987), claimant became eligible for total rehabilitation benefits on September 16, 1988, as he had not returned to work. Under the provisions of that statute claimant was entitled to a continuation of total rehabilitation benefits until he received a decision from the Department regarding his potential for rehabilitation. No such decision was ever rendered. Under the statutory provisions, after the insurer gave notice to the Department that Crawford had been designated as its rehabilitation provider, claimant was entitled to total rehabilitation benefits for a period not to exceed 26 weeks, unless extended by the Department. All of the foregoing is required under § 39-71-1023, MCA (1987), which also provides that

9

the total rehabilitation benefits must be paid at the disabled worker's temporary total disability rate.

We conclude that claimant was denied the rehabilitation procedure required under the foregoing statutes. He did not receive a rehabilitation panel report or a Department order of determination. He did not receive the opportunity to have a hearing before the Department's final order of determination on the issue of rehabilitation. We hold that claimant is entitled to total rehabilitation benefits at the rate of $299 per week from September 16, 1988, to the date of remand of this opinion. We further hold that the permanent partial disability benefits which have been paid to claimant since September 16, 1988, shall be reclassified as a partial payment of his total rehabilitation benefits, so that the insurer will be required to pay $149.50 from September 16, 1988, to the date of remand, to the claimant in a lump sum as the balance due of total rehabilitation benefits.

We further hold that the date of remand shall constitute the date notice is given to the Department by the insurer that a rehabilitation provider has been designated under the foregoing statutes, so that additional total rehabilitation benefits shall be paid from that date as provided under the statutes for a period not to exceed 26 weeks unless otherwise extended by the Department under the statutory provisions. From the date of remand the statutory procedures in the rehabilitation sections shall be followed.

We reverse the Workers' Compensation Court's order with regard to total rehabilitation benefits, and hold that claimant is entitled to total rehabilitation benefits as previously described and that claimant also is entitled to the rehabilitation panel review and Departmental review provided in the statutes.

Because of our holdings with regard to total rehabilitation benefits, we do not find it necessary to address the issue of unconstitutionality raised by the claimant.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

11