No.   92-259

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

NONA BUECHLER GIBSON,

        Claimant and Respondent,

    v.

STATE COMPENSATION MUTUAL
INSURANCE FUND,

        Respondent and Appellant.

APPEAL FROM:    The Workers' Compensation Court, The Honorable
                Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Elizabeth A. Horsman-Wiitala, Legal Counsel,
                State Compensation Mutual Insurance Fund,
                Helena, Montana

        For Respondent:

                Paul E. Toennis, Toennis Law Office,
                Billings, Montana; Melanie Symons, Legal
                Services Division, Department of Labor,
                Helena, Montana

FILED

NOV 24 1992

Filed:

CLERK OF ... COURT
STATE ... ...

Submitted on Briefs:   August 1, 1992

Decided:   November 24, 1992

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant, State Compensation Mutual Insurance Fund (State Fund), appeals from an adverse decision rendered by the Workers' Compensation Court. We affirm.

The only issue before this Court is whether the Workers' Compensation Court erred in determining that § 39-71-1033, MCA (1989), provides an independent right to pursue a contested case hearing before the Department of Labor and Industry (Department), when a claimant has failed to timely request a hearing pursuant to § 39-71-1018, MCA (1989).

Claimant Nona Buechler Gibson was injured while working as a nurses' aide on October 10, 1989. Claimant's employer was insured for workers' compensation coverage by the State Fund. The State Fund accepted liability and paid benefits from October 25, 1989, until July 2, 1991.

In April 1991, the State Fund requested a rehabilitation panel be convened pursuant to § 39-71-1016, MCA (1989). The panel met on May 15, 1991. The panel report dated May 24, 1991, recommended several positions, as previously identified by the designated rehabilitation provider, as appropriate for claimant under § 39-71-1012(c), MCA (1989), which provides for a disabled worker to "return to a related occupation suited to the claimant's education and marketable skills." Pursuant to § 39-71-1018, MCA (1989), the Department adopted the panel recommendations, and on June 5, 1991, issued an initial order of determination. Claimant

2

did not submit a written exception to the initial order within ten days as provided by § 39-71-1018, MCA (1989), and therefore, the Department's initial order of determination became the final order of determination. Claimant did not bring an appeal from the final order of determination to the Workers' Compensation Court within the ten days provided under § 39-71-1018, MCA (1989).

The State Fund notified claimant on June 18, 1991, that based on the Department's order of June 5, 1991, her benefits would be terminated in 14 days. On September 4, 1991, claimant filed with the Department a document entitled "Appeal of Final Order of Determination." The State Fund filed a motion to dismiss claimant's request, alleging a lack of jurisdiction because claimant had failed to comply with the time requirements of § 39-71-1018, MCA (1989), within which a party may request a hearing. Claimant resisted this motion, arguing that although the time limit for requesting a hearing had run under § 39-71-1018, MCA (1989), jurisdiction existed pursuant to § 39-71-1033, MCA (1989). On November 22, 1991, the hearing examiner dismissed claimant's request. The hearing examiner determined that claimant's request was not timely under § 39-71-1018, MCA (1989), and concluded that § 39-71-1033, MCA (1989), did not provide claimant with the right to request a contested case hearing independent of the appeals process set out in § 39-71-1018, MCA (1989).

Claimant appealed this decision to the Workers' Compensation Court. On March 24, 1992, the Workers' Compensation Court reversed

3

the decision of the hearing examiner. The Workers' Compensation Court concluded that the two statutes in question are not in conflict and that the language of § 39-71-1033, MCA (1989), provides an independent right to pursue a contested case hearing. The Workers' Compensation Court remanded the matter to the Department to conduct a contested case hearing as provided for in § 39-71-1033, MCA (1989). The State Fund appeals from that decision.

The only issue to be decided by this Court is whether the Workers' Compensation Court erred in determining that § 39-71-1033, MCA (1989), provides an independent right to pursue a contested case hearing before the Department when a claimant has failed to timely request a hearing pursuant to § 39-71-1018, MCA (1989).

Appellant requests that this Court review a conclusion of law made by the Workers' Compensation Court. Concerning our standard of review of conclusions of law we recently stated:

> "In such a case, the appropriate standard of review is simply whether the lower court's interpretation of the law is correct. We are not bound by the lower court's conclusion and remain free to reach our own."

Schaub v. Vita Rich Dairy (1989), 236 Mont. 389, 391, 770 P.2d 522, 523 (quoting Wassberg v. Anaconda Copper Co. (1985), 215 Mont. 309, 314, 697 P.2d 909, 912). This Court has explained this standard of review stating that:

> The reasoning for simply determining if the court's conclusions are correct is that no discretion is involved when a tribunal arrives at a conclusion of law--the tribunal either correctly or incorrectly applies the law.

4

> For that reason, this Court concludes that our standard of review relating to conclusions of law, whether the conclusions are made by an agency, workers' compensation court, or trial court, is whether the tribunal's interpretation of the law is correct.

Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. The instant case deals with a conclusion of law, and therefore, upon review we will simply determine whether the conclusion was or was not correct. Additionally, it is well-settled that the law existing at the time of injury governs. Watson v. Seekins (1988), 234 Mont. 309, 312, 763 P.2d 328, 331. Claimant was injured in 1989.

The resolution of this case depends upon an interpretation of several Montana statutes. In interpreting statutes, this Court is guided by several well-established principles. First, when a general statute and a specific statute are inconsistent, the specific statute governs, so that a specific legislative directive will control over an inconsistent general provision. State v. Montana Dept. of Public Service Regulation (1979), 181 Mont. 225, 593 P.2d 34; § 1-2-102, MCA. However, when called upon to interpret several different provisions this Court will, if possible, construe the statutes so as to give effect to all of them. Section 1-2-101, MCA. A specific statute will only govern over a more general statute if the two statutes are in conflict and cannot be resolved. In this case, the Workers' Compensation Court concluded that the statutes could be interpreted so as to give meaning to both statutes. While the statutes in question are not

5

models of clarity, we agree with the Workers' Compensation Court that the statutes are not in direct conflict with each other.

The State Fund argues that as the statute specifically addressing the filing of exceptions and requests for hearings on the findings of the panel, § 39-71-1018, MCA (1989), should govern in this situation. Section 39-71-1018, MCA (1989), provides that:

(1) The department shall issue an initial order of determination within 10 working days of receipt of a report from a rehabilitation panel. If the initial order of determination differs from the findings and recommendations of the panel, the order must state the reasons for the difference.

(2) Within 10 working days from the date the initial order of determination is mailed, a party may submit a written exception to the order. On its own motion or at the request of any party, the department shall conduct a hearing. The department shall issue a final order of determination within 20 working days of the hearing.

(3) If no party submits an exception within 10 working days, the initial order of determination becomes the final order of determination and must be issued by the department.

(4) Within 10 working days after the date of mailing of the department's final order of determination, an appeal may be taken to the workers' compensation court.

Claimant concedes that she did not submit any written exceptions to the initial order of determination, nor did she appeal the final order of determination to the Workers' Compensation Court, within the time provided in § 39-71-1018, MCA (1989). However, claimant argues that § 39-71-1033, MCA (1989), provides a separate right to request a contested case hearing

6

before the Department. Section 39-71-1033, MCA (1989), provides that:

> In addition to pursuing the hearing opportunities provided in 39-71-1018 and 39-71-1032, a party may bring a dispute arising under the provisions of this part, except for a dispute over which the department of social and rehabilitation services has jurisdiction under 39-71-1019, before the department under the contested case provisions of the Montana Administrative Procedure Act, Title 2, chapter 4, part 6, and any rules promulgated by the department. Within 10 days after mailing of the department's final order, an interested party may appeal to the workers' compensation court. [Emphasis added.]

As the hearing examiner correctly noted, claimant's request for a contested case hearing under § 39-71-1033, MCA (1989), would be considered timely pursuant to Rule 24.29.215(2), ARM. This rule provides a claimant with 90 days to appeal from the notice of any adverse action. Therefore, the only question before this Court is whether § 39-71-1033, MCA (1989), provides a separate right of appeal.

The Workers' Compensation Court, in discussing the effect of § 39-71-1018, MCA (1989), stated that:

> On its face, Section 39-71-1018, MCA, allows an appeal to the Workers' Compensation Court without the need for a contested case hearing or a hearing of any kind before the Department. Any such appeal, of necessity, would have to be based on a "paper record." Indeed even the filing of exceptions, as provided in subsection (2) does not mean that a hearing would necessarily follow.

The Workers' Compensation Court noted that the clear language of § 39-71-1033, MCA (1989), provides for a contested case hearing in addition to the hearing opportunities provided for in

7

§ 39-71-1018, MCA (1989). The Workers' Compensation Court noted in discussing the two statutes that:

> By construing section 39-71-1033 to provide a party an independent right to pursue a contested case under the Montana Administrative Procedure Act, the Court can preserve both statutes and give meaning to the phrase "In addition to . . . ."

> The Court notes that if the legislature had intended these sections to be mutually exclusive it could easily have done so. The fact that such exclusion is not apparent requires the Court to give meaning to all of the provisions of part 10.

The State Fund argues that the Workers' Compensation Court's interpretation of these two statutes will only confuse "administrative procedure for the implementing agency and the parties who must be able to rely on the statutes in consideration of applicable hearing and appeal periods." The Workers' Compensation Court merely interpreted the statutes as written, giving effect to both provisions. Any resulting confusion is entirely attributable to the legislative enactments which created a separate right of appeal in § 39-71-1033, MCA (1989). Under the facts as presented in this case, the Workers' Compensation Court was correct in concluding that § 39-71-1033, MCA (1989), provides a contested case hearing opportunity in addition to the process provided for in § 39-71-1018, MCA (1989).

Affirmed.

_____
Justice

8

We concur:

_____
             Chief Justice

_____

_____

_____
             Justices

November 24, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Elizabeth A. Horsman-Wiitala, Legal Counsel
State Compensation Mutual Ins. Fund
5 So. Last Chance Gulch
Helena, MT   59604-4759

Paul E. Toennis
Attorney at Law
316 No. 25th St.
Billings, MT   59101

Melanie Symons
Legal Services Division, Dept. of Labor
P.O. Box 1728
Helena, MT   59624-1728


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy