No. 92-274

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

JOSEPH MARTELLI,

      Petitioner and Appellant,

-v-

ANACONDA-DEER LODGE COUNTY,

      Defendant/Employer and Respondent.

FILED

MAY 6 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   Workers' Compensation Court
                Of the State of Montana
                The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Bernard J. "Ben" Everett, Knight, Dahood, McLean,
          Everett & Dayton, Anaconda, Montana

      For Respondent:

          Leo S. Ward, Browning, Kaleczyc, Berry & Hoven,
          Helena, Montana

                Submitted on Briefs:  December 17, 1992

                                Decided:  May 6, 1993

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order of the Workers' Compensation Court, dismissing Martelli's claim for permanent total disability benefits. We affirm.

The dispositive issue is whether the Workers' Compensation Court correctly dismissed Martelli's claim. The court dismissed his claim because he had failed to appeal a previous order of the Employment Relations Division of the Department of Labor and Industry (the Division), which concluded that he could return to work in a suitable related occupation.

On August 10, 1988, Martelli suffered a soft tissue injury to his neck when another vehicle struck his vehicle from the rear. The injury occurred in the course and scope of his employment as a law enforcement officer for Anaconda-Deer Lodge County.

The insurer designated a rehabilitation provider pursuant to § 39-71-1015, MCA (1987). The rehabilitation provider determined that eight full-time occupations were suited to Martelli's education and skills. Later, the provider determined that Martelli could return to his previous occupation.

When Martelli did not return to work, the insurer notified the Division, which had jurisdiction of the matter pursuant to § 39-71-1033, MCA (1987), § 39-71-1018, MCA (1987) and 24.29.207 ARM. After the parties completed all of the administrative steps within the Division, the Division granted Martelli's request for a hearing.

Following a contested hearing, the Division issued a final order, stating that an appropriate rehabilitation option under § 39-71-1012, MCA (1987) was for Martelli to return to a related occupation suited to his education and skills. The Division's order also stated that "[a]ny party in interest may appeal this order to the Workers' Compensation Court within ten (10) working days after the mailing of this final order as provided in Section 39-71-1018, MCA." Martelli failed to appeal the order. Instead, over a year later, he filed a petition with the Workers' Compensation Court seeking permanent total disability benefits.

Acting on a motion by Anaconda-Deer Lodge, the Workers' Compensation Court dismissed Martelli's petition. The court concluded that Martelli's failure to appeal the Division's final order precluded him from raising the permanent total disability issue before the court. This appeal followed.

Our review of the Workers' Compensation Court's conclusions of law is plenary. We determine whether the court's conclusions are correct. Steer Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

Martelli contends that the Workers' Compensation Court erred in declining to exercise jurisdiction in this case. He argues that by dismissing his petition for a hearing, the court not only abandoned its exclusive jurisdiction over the issue of whether he was entitled to benefits under the Workers' Compensation Act, but also gave the Division jurisdiction over the matter. See § 39-71-

3

2905, MCA (1987) (giving the workers' compensation judge exclusive jurisdiction over claims for benefits).

Anaconda-Deer Lodge contends that the doctrine of collateral estoppel bars Martelli from litigating in Workers' Compensation Court the issue of whether he was permanently and totally disabled. Anaconda-Deer Lodge argues that because of the interplay between the issue before the Workers' Compensation Court and the issue previously litigated before the Division, the court would have to relitigate the issue decided by the Division to determine whether Martelli was entitled to permanent total disability benefits. We agree.

The doctrine of collateral estoppel, also called issue preclusion, "precludes relitigation of issues actually litigated and determined in [a] prior suit regardless of whether it was based on the same cause of action as the second suit." Lawlor v. National Screen Service (1955), 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122, 1127; see also Smith v. Schweigert (1990), 241 Mont. 54, 58, 785 P.2d 195, 197. The three elements of collateral estoppel are:

1.    The issue has been decided in a prior adjudication and is identical to the one presented.

2.    A final judgment on the merits was issued.

3.    The party against whom the plea is asserted was either a party or in privity with a party to the prior adjudication.

Schweigert, 785 P.2d at 197.

4

It is clear and undisputed that the present case meets the second and third elements of collateral estoppel. The Division issued an order of final determination which Martelli could have appealed to the Workers' Compensation Court. See § 39-71-1018, MCA (1987). Martelli did not appeal the Division's order so it became a final judgment. Thus, the second element of collateral estoppel is clearly met. All parties to this cause were also parties to the litigation before the Division. The third element of collateral estoppel is therefore satisfied.

The first element, however, is in dispute. To meet the first element, the precise issue must have been litigated in a prior action. Marriage of Stout (1985), 216 Mont. 342, 350, 701 P.2d 729, 734.

Martelli contends that the issue before the Division was not the same as that before the Workers' Compensation Court. He argues that the issue before the Workers' Compensation Court was whether he was entitled to benefits for a permanent total disability as defined in § 39-71-116(15), MCA (1987), whereas the issue before the Division was to determine which rehabilitation option under § 39-71-1012, MCA (1987), would be appropriate for him.

Under the circumstances of this case, the two issues are so intertwined that to decide the issue before it, the Workers' Compensation Court would have to rehear the precise issue previously decided by the Division. The definition of permanent total disability is "a condition resulting from injury as defined in this chapter after a worker reaches maximum healing, in which a

worker is unable to return to work in the worker's job pool after exhausting all options set forth in 39-71-1012, MCA." One of the options set forth in that statute is the precise issue previously resolved by the Division--whether the worker could "return to a related occupation suited to the claimant's education and marketable skills." See § 39-71-1012(c), MCA (1987).

To rule that Martelli was permanently and totally disabled, the Workers' Compensation Court would have to determine that Martelli could not return to a related occupation suited to his education and skills. See §§ 39-71-116(15), 39-71-1012(c), MCA (1987). As stated above, the Division had previously ruled that Martelli could return to work in a suitable related occupation and Martelli did not appeal the Division's order. The doctrine of collateral estoppel, therefore, precluded the parties from relitigating the issue before the Workers' Compensation Court. See Schweigert, 785 P.2d at 197.

Because the parties could not relitigate the issue, the Workers' Compensation Court was bound by the Division's determination that Martelli could return to a related occupation suited to his education and skills. Because he could work in a suitable occupation, the Workers' Compensation Court could not determine that Martelli was permanently and totally disabled. Thus, the court was correct in dismissing the claim.

Affirmed.

_____
Justice

6

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion.

The effect of the majority opinion is to amend the Workers' Compensation Act by eliminating the role of the Workers' Compensation Court in determining a claimant's right to total disability benefits.

On January 29, 1992, claimant filed a petition for hearing before the Workers' Compensation Court in which he asked that court to find that he was permanently totally disabled and entitled to permanent total disability benefits.

By statute, the Workers' Compensation Court is given exclusive jurisdiction to determine the nature and extent of benefits to which an injured worker is entitled. Section 39-71-2905, MCA (1987), which was in effect on the date of claimant's injury, provides as follows:

> A claimant or an insurer who has a dispute concerning any benefits under chapter 71 of this title may petition the workers' compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter. The judge, after a hearing, shall make a determination of the dispute in accordance with the law as set forth in chapter 71 of this title. If the dispute relates to benefits due a claimant under chapter 71, the judge shall fix and determine any benefits to be paid and specify the manner of payment. After parties have satisfied dispute resolution requirements provided elsewhere in this chapter, the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71, except as provided in 39-71-317 and 39-71-516. [Emphasis added.]

The claimant in this case did comply with the dispute resolution requirements provided for in § 39-71-2401, MCA (1987), and §§ 39-71-317 and -516, MCA, are not applicable to this case.

It is our obligation to construe statutes in a way that gives effect to the substance of the statute, and if several statutes appear to conflict, to construe them in a way that gives effect to all of the statutes. Section 1-2-101, MCA (1987), provides:

> In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.

The majority has concluded that when a hearing examiner for the Division of Workers' Compensation decided claimant's employment options under Part 10 of the Workers' Compensation Act which relates to vocational rehabilitation, that hearing examiner effectively decided what disability benefits claimant was entitled to under the Workers' Compensation Act. To construe the administrative procedures provided for in Part 10 of the Act in that manner does not satisfy this Court's statutory obligation to give effect to all the provisions of the Workers' Compensation Act. The only way to accomplish that obligation is to conclude that Part 10 of the Workers' Compensation Act relates solely to eligibility for vocational rehabilitation benefits and Part 29 of the Workers' Compensation Act relates to the procedure for determining disability benefits.

Although claimant had a right to appeal to the Workers' Compensation Court from the final order of the Legal Services Division of the Department of Labor and Industry, the scope of review on that appeal would have been limited and would not have been the equivalent of a hearing before the Workers' Compensation Court. In *State Compensation Mutual Insurance Fund v. Lee Rost Logging* (1992), 252 Mont. 97, 827 P.2d 85, we held that § 2-4-704(2)(a)(v), MCA, of the Administrative Procedure Act applied to the Workers' Compensation Court's review of an agency decision. Therefore, if claimant had appealed the decision of the Legal Services Division, the Workers' Compensation Court could only have reversed that decision if it was "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." That limited form of review is not the equivalent of the fact-finding responsibility given exclusively to the Workers' Compensation Court by § 39-71-2905, MCA, when claimant's disability benefits are at issue. For that reason, the right of appeal provided for in § 39-71-1018(4), MCA, was not the equivalent of the hearing guaranteed in Part 29 of the Act. The majority's decision, therefore, effectively amends the Workers' Compensation Act by eliminating the rights and jurisdiction provided for in Part 29.

The statutory scheme enacted by the Legislature in 1987 recognized the need for an independent court to decide the most important issue that could arise in disputes between injured workers and the insurer for their employer. For that reason, the Legislature gave the Workers' Compensation Court exclusive

10

jurisdiction to decide those issues. This Court, by this decision, has eliminated that procedural safeguard and placed all injured workers in this state at greater risk in the process. For these reasons, I dissent from the majority opinion. I would reverse the judgment of the Workers' Compensation Court.

_____
Justice

Justice William E. Hunt, Sr., joins in the foregoing dissent.

_____
Justice

May 6, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Bernard J. "Ben" Everett
Knight, Dahood, McLean, Everett & Dayton
P. O. Box 727
Anaconda, MT  59711

Leo S. Ward
Attorney at Law
P. O. Box 1697
Helena, MT  59624-1697

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy