No. 97-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 106


MICHAEL BARE,

Appellant/Claimant,

v.

LIBERTY MUTUAL FIRE INSURANCE CO.,

Respondent/Insurer for

UNITED PARCEL SERVICE,

Employer/Respondent.


APPEAL FROM:   Workers' Compensation Court
The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Laurie Wallace, Bothe & Lauridsen, Columbia Falls, Montana

For Respondent:

Larry Jones, Liberty Mutual Fire Insurance Company,
Missoula, Montana


Submitted on Briefs: December 11, 1997

Decided:   May 4, 1998
Filed:

_____

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

¶1    Michael Bare appeals from the order and judgment of the Workers' Compensation Court.  The court dismissed Bare's claim for permanent total disability benefits pursuant to § 39-71-702, MCA (1989), because he had failed to exhaust the rehabilitation panel procedures set forth at §§ 39-71-1012 through 39-71-1033, MCA (1989).  We affirm.

¶2    The issue before this Court is whether the Workers' Compensation Court erred when it dismissed Bare's petition on the basis that it lacked jurisdiction to determine a claimant's disability status under the 1989 version of the Workers' Compensation Act prior to the exhaustion of the rehabilitation panel procedures.

¶3    On February 14, 1990, Bare injured his neck when he tripped and landed with his chin and neck on a package he was carrying.  The injury occurred in the course and scope of his  employment with United Parcel Service.  The insurer, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), accepted liability and paid Bare temporary total disability benefits through March 7, 1997.

¶4    On February 25, 1997, Bare requested a mediation conference regarding the issue of permanent total disability, which was held on March 18, 1997.  When mediation did not resolve the dispute, Bare filed a petition for a hearing before the Workers' Compensation Court, alleging that he  was permanently, totally disabled.  The court dismissed the petition on May 27, 1997, holding that the face of the petition showed a lack of jurisdiction because Bare had not exhausted the rehabilitation panel procedures.  It held that its jurisdiction to determine whether a worker was able to return to work was limited to appellate jurisdiction over the Department's final decision.  It further concluded that it had original jurisdiction only when the Department determined that none of the return-to-work options set forth in § 39-71-1012, MCA (1989), were appropriate.  It is from this order that Bare appeals to this Court.

¶5    In the meantime, however, Bare utilized the rehabilitation panel procedures and on June 10, 1997, the panel found that the first appropriate return-to-work option for Bare was to "return to a related occupation suited to the claimant's education and marketable skills."  Section 39-71-1012(2)(c), MCA (1989).   On June 17, 1997, Bare appealed the Department's initial order of determination.  The record before the Court does not reflect whether the Department has entered a final order of determination or whether the Workers' Compensation Court has heard or determined the matter.  In any event, that case is not before this Court.

¶6   We review the Workers' Compensation Court's conclusions of law to determine whether its interpretation is correct. Gibson v. State Comp. Mut. Ins. Fund (1992), 255 Mont. 393, 396, 842 P.2d 338, 340 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603). Additionally, it is well-settled that the statutes in effect on the date of the injury determine a workers' entitlement to compensation benefits. Buckman v. Montana Deaconess Hospital (1986), 224 Mont. 318, 321, 730 P.2d 380, 382. Because Bare was injured in 1990, his claim is governed by the 1989 version of the Workers' Compensation Act.

¶7   Bare argues that he was entitled to proceed directly to the Workers' Compensation Court with regard to his claim that he was permanently totally disabled. He contends that by dismissing his petition for a hearing, the court ignored the fact that it has exclusive jurisdiction over the issue of whether he was entitled to benefits under the Act pursuant to § 39-71-2905, MCA (1989).

¶8   Liberty Mutual, on the other hand, contends that although broad, the jurisdiction of the Workers' Compensation Court is not without limits. It maintains that the rehabilitation panel process embodied at §§ 39-71-1001 through 39-71-1033, MCA (1989) is a dispute resolution mechanism which the parties were required to satisfy prior to filing a petition with the Workers' Compensation Court. Section 39-71-2905, MCA (1989). Although the statutes are not a model of clarity, we agree with Liberty Mutual's analysis.

¶9   The Act provides that a claimant may petition the Workers' Compensation Court only after "satisfying dispute resolution requirements otherwise provided in this chapter." Section 39-71-2905, MCA (1989):

> A claimant or an insurer who has a dispute concerning any benefits under chapter 71 of this title may petition the workers' compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter. . . . After parties have satisfied dispute resolution requirements provided elsewhere in this chapter, the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71, except as provided in 39-71-317 and 39-71-516. (Emphasis added.)

The words "this chapter" refers to Chapter 71 of Title 39, which includes the rehabilitation panel statutes contained at §§ 39-71-1001 through 39-71-1033, MCA (1989). We conclude that the rehabilitation statutes are such a "dispute resolution requirement."

§10  First, utilization of rehabilitation services is expressly required. In his petition, Bare claims that he is a "disabled worker" which is defined as "one who has a medically determined restriction resulting from a work-related injury that precludes the worker from returning to the job the worker held at the time of the injury." Section 39-71-1011(2), MCA (1989). The Act specifically requires all disabled workers to use the rehabilitation services. See § 39-71-1014(1), MCA (1989)("Rehabilitation services are required for

disabled workers. . . .")(emphasis added). Hence, according to the plain language of the Act, Bare was required to utilize the rehabilitation services. See also Higginbotham v. Stoltze-Connor Lumber (1991), 248 Mont. 161, 167-68, 810 P.2d 295, 299 (stating that the rehabilitation statutes require the parties to follow the rehabilitation procedure and holding "[f]rom the date of remand the statutory procedures in the rehabilitation sections shall be followed.")

¶11    The Act further elaborates on the steps a disabled worker must proceed through when using the rehabilitation services:

    (1) If a disabled worker is capable of returning to work, the designated rehabilitation provider shall evaluate and determine the return-to-work capabilities of the disabled worker pursuant to 39-71-1012(2)(a) through (2)(d).
    (2) If an insurer's designated rehabilitation provider has determined all appropriate services have been provided to the disabled worker under 39-71-1012(2)(a) through (2)(d) and the worker has returned to work, the insurer shall document that determination to the department.
    (3) If the worker has not returned to work as provided in subsection (2), the insurer shall notify the department. The department shall then designate a rehabilitation panel as provided in 39-71-1016 and refer the worker to the panel.

Section 39-71-1015, MCA (1989)(emphasis added). The Act thus required Bare, who has not returned to work, to eventually submit to a rehabilitation panel. The rehabilitation panel is charged in part with identifying the first appropriate rehabilitation option set forth in § 39-71-1012, MCA (1989). See § 39-71-1017(2)(a), MCA (1989). Nothing in the Act, however, prevents the panel from finding that none of the options are appropriate.

¶12    Upon receiving the rehabilitation panel's report, the Department of Labor and Industry ("Department") then issues its initial order of determination, either accepting or rejecting the panel's findings and recommendations. Section 39-71-1018, MCA (1989). At that point, if a disabled worker such as Bare disagrees with the determination, he may submit written exceptions to the order and may ultimately appeal a final order to the Workers' Compensation Court. Section 39-71-1018, MCA (1989).

¶13    In addition to being a requirement, the rehabilitation services also provides a mechanism by which the parties may resolve their dispute. The claimant and the insurer may resolve the dispute by agreement, § 39-71-1013, MCA (1989), or they may accept either the Department's initial order of determination or the final order of determination after a hearing. In any event, they are not required to file an appeal with the Workers' Compensation Court.

¶14    Bare contends that such an interpretation of these statutory provisions robs him of his right to a hearing before the Workers' Compensation Court, which is charged with acting as a fact-finder to resolve such disputes. Unfortunately for the claimant, in Martelli v. Anaconda-Deer Lodge County (1993), 258 Mont. 166, 852 P.2d 579, this Court impliedly rejected Bare's

arguments. Martelli was decided under the 1987 version of the Act, which for all relevant purposes is identical to the 1989 version of the Act. In that case, Martelli suffered injuries during the course of his employment and proceeded through the rehabilitation panel procedures. Following a contested case hearing before the Department (then known as the Division), the Department issued a final order stating that an appropriate rehabilitation option pursuant to § 39-71-1012, MCA (1987) was for Martelli to return to a related occupation suited to his education and skills. Martelli, 258 Mont. at 167, 852 P.2d at 580. Martelli did not appeal the order to the Workers' Compensation Court as provided for in § 39-71-1018, MCA (1987). Instead, over one year later, he filed a petition directly with the Workers' Compensation Court seeking permanent total disability benefits. Martelli, 258 Mont. at 168, 852 P.2d at 580. To the employer's contention that he was required to have filed an appeal with the Workers' Compensation Court in order to present the issue to that court, he, like Bare in this case, argued that the Workers' Compensation Court has exclusive jurisdiction over the issue of his entitlement to permanent total disability benefits under the Act. Martelli, 258 Mont. at 168, 852 P.2d at 580.

¶15  This Court rejected Martelli's position. The Court held that the doctrine of collateral estoppel precluded the court from determining the issue, because in order to determine whether Martelli was entitled to permanent total disability benefits, the Workers' Compensation Court would first have to determine that he could not return to work in a related occupation suited to his education and skills, which was the return-to-work option already chosen by the rehabilitation panel. Martelli, 258 Mont. at 169, 852 P.2d at 581. Because the parties could not relitigate the issue, the Workers' Compensation Court was bound by the Department's determination that he could work in a suitable occupation. It thus could not determine that Martelli was permanently and totally disabled. Martelli, 258 Mont. at 169, 852 P.2d at 581.

¶16  Although the issue of whether the rehabilitation procedures must first be exhausted before the Workers' Compensation Court has jurisdiction over a person's claim to permanent total disability benefits was not directly at issue, the effect of the decision was to require exhaustion. Otherwise, nothing would have prevented Martelli from filing a petition for hearing before the Workers' Compensation Court at any time. As the dissent in Martelli noted, the majority's opinion limited the role of the Workers' Compensation Court in determining disability benefits to that of an appellate court, even though the scope of review on an appeal would not be the equivalent of a full fact-finding hearing before the Workers' Compensation Court guaranteed by § 39-71-2905, MCA. Martelli, 258 Mont. at 171-72, 852 P.2d at 582-83 (Trieweiler, J., dissenting). Although the author of this opinion joined with the dissent, Martelli is the law and we are bound to follow it.

¶17  Bare next argues that the legislature could not have intended to divest the court of jurisdiction, because by "artfully pleading" a petition, a claimant can easily "reinvest" the court with jurisdiction by presenting an additional dispute over which the Workers' Compensation Court does have original jurisdiction. Once the Court has acquired jurisdiction over the additional

dispute, it would then have jurisdiction to decide all the issues that arise between the parties. See Carlson v. Cain (1985), 216 Mont.129, 141, 700 P.2d 607, 615. That theory of course is speculation as it is applied to this case, and we need not address it today.

¶18 Finally, Bare maintains that requiring a party to exhaust the rehabilitation panel provisions will result in excessive litigation, because the Workers' Compensation Court could reverse the Department's decision and require him to resubmit his case to the Department. However, that is the nature of appellate procedure. The legislature expressly gave the court appellate jurisdiction over the final determination of the Department, and it is not the function of this Court to rewrite the statute simply because the process is cumbersome.

¶19 We hold that the Workers' Compensation Court lacks jurisdiction to determine a claimant's disability status under the 1989 version of the Act prior to the exhaustion of the rehabilitation panel procedures. In this case, Bare did not exhaust those procedures prior to filing the petition for hearing. Thus, the court did not err in dismissing his petition.

¶20 Affirmed.

/S/ WILLIAM E. HUNT, SR.


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER