No. 88-123

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
SHEILA G. LYMAN,

        Petitioner and Appellant,

   and

CHARLES E. LYMAN,

        Respondent.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
           In and for the County of Flathead,
           The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Warden, Christiansen, Johnson & Berg; Gary R.
        Christiansen, Kalispell, Montana

    For Respondent:

        Hash, Jellison, O'Brien & Bartlett; M. Dean Jellison,
        Kalispell, Montana

---

Submitted on Briefs: July 14, 1988

Decided: August 18, 1988

Filed: AUG 18 1988

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


Sheila Lyman appeals from the judgment of the District Court of the Eleventh Judicial District, Flathead County, which denied her petition to modify a prior dissolution decree. We affirm.

The issues before the Court are:

1. Did the District Court err when it concluded there was insufficient evidence of fraud to justify setting aside the parties' dissolution decree?

2. Was the District Court's failure to increase the amount of child support originally ordered clearly erroneous?

Charles Lyman (Husband) and Sheila Lyman (Wife) were married in Skokie, Illinois on June 20, 1964. Three children were born of the union but only two remained minors when the marriage was dissolved in 1984. One child remained at home during the instant controversy.

During the course of the marriage, Husband controlled the family finances. Husband testified that it was traditional in his family that spouses were not made aware of financial matters and that he followed that practice. Consequently, Wife was not fully informed about the family's income or assets.

The controversy at hand arises as a result of Wife's purported lack of knowledge. Prior to the entry of the dissolution decree, Wife initiated discovery procedures designed to determine Husband's financial worth. She requested, inter alia, a list of debts and of assets, information concerning the lease on a Godfather's Pizza establishment, information concerning a beer and wine

license, the parties' 1983 joint income tax return, and financial information about Husband's Mother. However, the parties entered into a separation agreement before the information was fully delivered.

It provides, in pertinent part:

13. The parties have agreed upon an equitable division of the marital estate which division is reflected on Exhibit A hereto. The division has been predicated on an agreement which reflects the unique circumstances of this case in that Husband is and has been the beneficiary of certain trusts and family gifts which have enhanced the ability to accumulate the marital estate and which agreement consists of the parties agreeing that Wife would make no claim to any interest in the trusts or gifted property and Husband would concede that the assets reflected on said Exhibit be treated as resulting from the equal contribution of both parties. For reasons of privacy, the said Exhibit does not contain the values agreed upon for the various assets; however, the parties have agreed upon values and the division amounts to an equal division of the marital assets between the parties. Exhibit B to the copies retained by the parties reflects the agreed values. It is further agreed that Husband shall have a right of first refusal to meet the terms of any sale of the lot owned by Sheila and located adjacent to the family residence.

14. In accordance with the provisions of Sec. 40-4-201 M.C.A., it is agreed that the terms of this agreement, other than custody, support and maintenance matters, shall not be set forth in the Decree to be entered by the Court, but the Court may identify this agreement and shall have found the same not to be unconscionable, reserving the power to enforce its terms by all remedies available for enforcement of a judgment. Except for terms relating to support, custody or visitation of the children, this agreement may not be modified by the Court.

15. Each of the parties hereto has been represented by Counsel of their choice and each agrees that there has been no reliance on

- 3 -

> representations by the other in reaching this
> agreement. Each party has had access to such
> information as was deemed necessary and has arrived
> at an independent judgment as to the equitableness
> and reasonableness of the arrangement effected
> hereby. (Emphasis added.)

The agreement and property settlement awarding each party in excess of $500,000 in assets was subsequently adopted by the District Court. Wife now seeks to modify the property, maintenance and child support provision of the agreement on the basis of the Husband's fraudulent failure to fully inform her of the value of family assets.

Generally, the courts of this state are bound by separation agreement freely entered into by the parties unless the court determines the agreement to be unconscionable. Section 40-4-202, MCA. However, the adoption of such an agreement does not forever strip a court of its inherent equitable authority to re-open an agreement.

> A court of general jurisdiction has the right,
> entirely independent of statute, to grant relief
> against a judgment obtained by extrinsic fraud and
> may grant that relief either on motion in the
> original cause or upon separate equity suit . . .

Cure v. Southwick (1960), 137 Mont. 1, 8, 349 P.2d 575, 579.

In the instant case, Wife contends that Husband's failure to fully inform her of the family assets, misrepresentations concerning certain debts and property, and the forgery of her name on the couple's joint income tax return is sufficient to demonstrate extrinsic fraud. However, in order to demonstrate extrinsic fraud, Wife must show "a material misrepresentation or concealment of assets" which has prevented her from fully trying her case and that the other equities such as laches or negligence are not present. Pilati v. Pilati (1979), 181 Mont. 182, 189, 592 P.2d 1374, 1378. We conclude she has not done so.

Prior to the time of the signing of the separation agreement, Wife was clearly aware the tax return would soon be due; that the wine and beer license remained in Husband's name; that the transfer of the pizza parlor interest had not been recorded; that Husband could be compelled to produce the documents; and that she might not receive 50% of the family assets if the matter was decided by a court. Nonetheless, Wife voluntarily chose to enter into the settlement agreement rather than waiting for the documents. Having received the benefit of the bargain, she will not now be heard to describe her own decision as fraud. See e.g., Lance v. Lance (1981), 195 Mont. 176, 635 P.2d 571.

We therefore conclude that the District Court correctly determined there was insufficient evidence of fraud to justify setting aside the agreement. Wife's attempt to modify the maintenance provision of the agreement must similarly fail.

The second specification of error concerns the District Court's refusal to increase child support from $1,000 per month to $2,200 per month so that the remaining minor child can properly engage in ski activities. However, we conclude that the child's need for a new four wheel drive vehicle and traveling expenses while skiing is not a change in circumstances so substantial and continuing as to render the child support provisions of the original decree unconscionable within the meaning of § 40-4-208, MCA.

The judgment is affirmed.

_John C. Sheehy_
Justice

We Concur:

_John Conway Harrison_

_R. C. McDonough_

- 5 -

William E Hunt Sr
_____
Justices