# STATE COMPENSATION INSURANCE FUND,
### Petitioner and Respondent,
### v.
# DONALD E. CHAPMAN,
### Respondent and Appellant, and
### RICHARD J. PYFER,
### Respondent and Appellant.

No. 94-010.
Submitted September 20, 1994.
Rehearing Denied Dec. 22, 1994.
Decided October 27, 1994.
51 St.Rep. 1070.
267 Mont. 484.
885 P.2d 407.

For Appellants: **John C. Doubek** (argued), Small, Hatch, Doubek & Pyfer, Helena, (for Pyfer); **Donald Chapman,** pro se, Alberta, Canada.

For Respondent: **Leo S. Ward** (argued), Browning, Kaleczyc, Berry & Hoven, Helena.

For Amici Curiae: **Michael P. Heringer,** Brown, Gerbase, Cebull, Fulton, Harman & Ross, Billings, (for Montana Defense Trial Lawyers Association); **James G. Edmiston, III,** Attorney at Law, Billings, (for Montana Trial Lawyers Association).

JUSTICE TRIEWEILER delivered the Opinion of the Court.

On January 23, 1991, the Workers' Compensation Court for the State of Montana entered judgment for the claimant, Donald E. Chapman, in which it concluded that he was permanently totally disabled and entitled to total disability benefits. As part of that judgment, Richard J. Pyfer, Chapman's attorney, was awarded attorney fees and costs in the amount of $16,927. On July 23, 1992, the State Compensation Mutual Insurance Fund, which was responsible for those benefits, fees, and costs, filed a petition for emergency hearing in the Workers' Compensation Court in which it sought an order terminating Chapman's benefits

and requiring reimbursement of those benefits, fees, and costs paid pursuant to the Court's January 23, 1991, judgment. On September 1, 1993, the Workers' Compensation Court found that Chapman had been awarded permanent total disability benefits based on false testimony, and ordered that Chapman reimburse the State Fund. The Workers' Compensation Court also ordered Pyfer to reimburse the State Fund for his attorney fees and costs. Pyfer appeals that part of the decision which orders him to reimburse the State Fund for his attorney fees and costs. We reverse the judgment of the Workers' Compensation Court.

The following issue is dispositive on appeal:

Did the Workers' Compensation Court have authority to set aside its previous judgment and order claimant's attorney to repay attorney fees and costs?

## FACTUAL BACKGROUND

Chapman was injured during the course of his employment as a long-haul truck driver on January 14, 1981, when he was involved in a motor vehicle accident. He received serious injuries to his left leg, head, neck, and back.

Due to his injuries, Chapman received total disability benefits from the State Fund until they were terminated on September 9, 1988.

On January 23, 1991, the Workers' Compensation Court ordered that Chapman's total disability benefits be reinstated and that his attorney fees and costs be paid, based on Chapman's testimony that he could not work due to injuries received in the accident. By the time of the trial which led to this appeal, the benefits paid by the State Fund pursuant to the 1991 judgment totalled $46,378.90. Pyfer was paid $16,927 for attorney fees and costs.

The Workers' Compensation Court held a hearing to consider the State Fund's Emergency Petition on December 8 and 9, 1992. In support of its emergency petition, the State Fund offered evidence that during the times Chapman claimed to have been disabled he performed the duties of a long-haul truck driver on a regular basis and earned substantial amounts of money. However, the State Fund offered no evidence that Pyfer was at any time aware of Chapman's work activities.

In fact, in response to discovery requests from Pyfer, the State Fund acknowledged that "it had no claim or assertion of fraud or conspiracy against ... Pyfer" and that it only named Pyfer "as a party respondent ... as a result of a legal question regarding whether he should be obligated to pay back fees which had been paid to him for his representation of Chapman."

In its September 1, 1993, decision, the Workers' Compensation Court concluded that it had jurisdiction to entertain the State Fund's emergency petition pursuant to §§ 39-71-2905 and -2909, MCA; that Chapman is not totally disabled and was not at the time of his previous hearing; and that the benefits previously awarded were based on Chapman's false testimony regarding his physical condition and employment status. As a result, Chapman was ordered to pay back all total disability benefits retroactive to December 1988 when the evidence established he had returned to work. Pyfer was ordered to pay back the amounts he received for attorney fees and costs, in spite of the court's finding that he did nothing improper, and was as misled by Chapman as anyone else.

The Court also took judicial notice that a criminal complaint was filed on July 21, 1992, in which Chapman was charged with theft of workers' compensation benefits, in violation of § 45-6-301(2)(b), MCA. On April 20, 1993, Chapman entered a guilty plea pursuant to *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162. Chapman was sentenced to ten years at the Montana State Prison, with all prison time suspended on the condition that he pay full restitution to the State Fund, plus an administrative fee, and a surcharge of $20.

### DISCUSSION

Did the Workers' Compensation Court have authority to set aside its previous judgment, and order claimant's attorney to repay attorney fees and costs?

The Workers' Compensation Court's conclusion that it had jurisdiction to entertain the State Fund's petition was a conclusion of law. We review conclusions of law to determine if they are correct. *Stordalen v. Ricci's Food Farm* (1993), 261 Mont. 256, 258, 862 P.2d 393, 394 (citing *Martelli v. Anaconda-Deer Lodge County* (1993), 258 Mont. 166, 168, 852 P.2d 579, 580).

In this case, the State Fund's petition sought an order setting aside a judgment that had been entered 18 months earlier. In response to Pyfer's appeal, the State Fund argues that there were two sources of the Workers' Compensation Court's authority to do so: (1) specific statutory authorization, and (2) inherent equitable powers.

As statutory authority, the State Fund sets forth §§ 39-71-2905, -2909, -204(2) (1979), MCA, and § 25-11-102, MCA. However, we conclude for the following reasons that none of the statutes relied on provide a basis for setting aside judgments in the Workers' Compensation Court.

Section 39-71-2905, MCA, gives the court initial authority to resolve disputes between the parties regarding disability benefits.

That authority was effectively exercised by the court when it entered judgment for Chapman on January 23, 1991. This statute provides no authority for setting aside a judgment entered by the court beyond whatever time period is provided for in the court's rules or other rules of procedure that may be applicable.

Section 39-71-2909, MCA, upon which the Workers' Compensation Court primarily relied, gives the court continuing authority to "review, diminish or increase" an award of benefits based upon a finding that the "disability of the claimant has changed." Here, there was no allegation that the disability of the claimant had changed. In fact, the State Fund alleged, and the court specifically found, that Chapman's condition had not changed but that: "Donald E. Chapman is not permanently totally disabled and was not permanently totally disabled as defined by statute at the time of his initial hearing." (Workers' Compensation Court Conclusion of Law No. 2.)

Section 39-71-2909, MCA, is a "change in condition" statute, and serves a limited purpose as set forth in Larson's, *Workman's Compensation Law* § 81.32(a) where the author states:

In a change-of-condition reopening proceeding, the issue before the Board is sharply restricted to the question of extent of improvement or worsening of the injury on which the original award was based. If the original award held that there was no connection between the accident and claimant's permanent disability, there is nothing to reopen, and claimant cannot retry the issue of work-connection through the device of a reopening petition. Conversely, when the employee reopens to show increased disability, the insurance carrier cannot raise the basic issue of liability. In short, no matter who brings the reopening proceeding, neither party can raise original issues such as work-connection, employee or employer status, occurrence of a compensable accident, and degree of disability at the time of the first award.

(Emphasis added.)

Section 39-71-204, MCA, had been amended by the time of this trial, and in its present form clearly applies only to the authority of the Department of Labor and Industry. However, the State Fund argues that § 39-71-204, MCA, is substantive, rather than procedural, and therefore, pursuant to *Buckman v. Montana Deaconess Hospital* (1986), 224 Mont. 318, 321, 730 P.2d 380, 382, the form of the law in effect at the time of Chapman's injury controls. That would be § 39-71-204, MCA (1979), which provides:

(1) Except as provided in subsection (2), the division shall have continuing jurisdiction over all its orders, decisions, and awards and may, at

any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision, or award made by it upon good cause appearing therefor.

(2) The division or the workers' compensation judge shall not have power to rescind, alter, or amend any final settlement or award of compensation more than 4 years after the same has been approved by the division. Rescinding, altering, or amending a final settlement within the 4-year period shall be by agreement between the claimant and the insurer. If the claimant and the insurer cannot agree, the dispute shall be considered a dispute for which the workers' compensation judge has jurisdiction to make a determination. Except as provided in 39-71-2908, the division or the workers' compensation judge shall not have the power to rescind, alter, or amend any order approving a full and final compromise settlement of compensation.

(3) Any order, decision, or award rescinding, altering, or amending a prior order, decision, or award shall have the same effect as original orders or awards.

However, assuming, without agreeing, that the State Fund's "substantive versus procedural" argument is correct, we conclude that neither does the 1979 version of § 39-71-204, MCA, authorize the Workers' Compensation Court to set aside its judgments over two and one-half years after they are entered. The only direct authority to rescind awards provided by § 39-71-204, MCA (1979), is granted to the Division. The only reference in that statute to the Workers' Compensation Court is in the context of limitations on its authority to review settlements or awards approved by the Division. Judgments of the Workers' Compensation Court are not, and were not at that time, approved by the Division, and therefore, we conclude that the statute was not applicable to the facts in this case.

Section 25-11-102, MCA, is a statutory rule of civil procedure pertaining to newly discovered evidence which is not normally applicable to the Workers' Compensation Court. Although, as will be later discussed, we may, in the absence of guidance from the Workers' Compensation Court's own rules, look to the Rules of Civil Procedure for guidance, we will not pick and choose those which we consider. In this case, any motion to set aside the judgment based on newly discovered evidence was untimely pursuant to Mont. R. Civ. P. 60(b)(2).

Although we conclude that the Workers' Compensation Court had no specific statutory authority to set aside its judgment based on a petition filed 18 months after the judgment was entered, we agree that under some circumstances the court may have inherent equita-

ble power to do so. However, even the court's equitable power is not without limitation and must be subject to predictable rules if the finality of judgments is to mean anything.

Although the Workers' Compensation Court is not bound by the Rules of Civil Procedure, we have looked to them in the past for guidance (*see Moen v. Peter Kiewit & Sons, Co.* (1982) 201 Mont. 425, 434, 655 P.2d 482, 486) and in the absence of statutory authority in the Workers' Compensation Act, do so on this occasion to define the court's equitable authority to set aside judgments.

We begin with Rule 60(b)(2) which limits motions to set aside judgments based on fraud to 60 days from the entry of judgment and the residual clause of Rule 60(b) which limits independent actions beyond 60 days to claims that there was fraud upon the court, or extrinsic fraud.

Extrinsic fraud affects the court itself. "We have held repeatedly that neither perjured testimony nor false or fraudulent allegations used in obtaining a judgment constitute extrinsic fraud." *Traders State Bank of Poplar v. Mann* (1993), 258 Mont. 226, 236, 852 P.2d 604, 610 (citing *Brown v. Jensen* (1988), 231 Mont. 340, 348, 753 P.2d 870, 875; *Salway v. Arkava* (1985), 215 Mont. 135, 142, 695 P.2d 1302, 1307).

Intrinsic fraud, on the other hand, is fraud that represents an inherent risk to an adversarial proceeding. We have held that "intrinsic fraud upon the court, that is representations or concealments made during the court proceedings, assuming they are false or fraudulent, are ... not grounds for reopening a decree or judgment," by independent actions. *Lance v. Lance* (1981), 195 Mont. 176, 180, 635 P.2d 571, 574 (citing *Miller v. Miller* (1980), 189 Mont. 356, 365, 616 P.2d 313, 319).

In this case, the findings of the Workers' Compensation Court established, at most, intrinsic fraud, and the Workers' Compensation Court may not set aside its own judgment based on a petition filed more than 60 days after it was entered for intrinsic fraud.

For these reasons, we conclude that the Workers' Compensation Court lacked statutory authority and equitable authority to set aside its prior judgment two years after it was entered.

However, contrary to the State Fund's argument, this does not mean that it or any other insurers are without remedies in cases involving fraud. There are both criminal and civil remedies available in this State to punish fraud and recover benefits which are fraudulently obtained.

In this case, a complaint was filed on July 21, 1992, against Chapman charging him with the offense of theft (common scheme), a felony, in violation of § 45-6-301(2)(b), MCA. It was alleged that Chapman, as part

of a common scheme, purposely or knowingly obtained control by deception over funds, in excess of $300, belonging to the State of Montana, Division of Workers' Compensation, and purposely or knowingly used the funds in such a manner as to deprive the owner of the property, in violation of § 45-6-301(2)(b), MCA. A criminal judgment was entered pursuant to Chapman's *Alford* plea which provided that "the defendant shall pay full restitution plus an administrative handling fee ...."

Furthermore, the State Fund could file a civil action for fraud against Chapman to recover benefits paid if the necessary elements can be proven. The State Fund apparently decided not to pursue this remedy.

Finally, the State Fund may petition the Workers' Compensation Court pursuant to § 39-71-2909, MCA, for a prospective reduction or termination of benefits when it can be proven that a claimant's disability status is no longer as it was found to be in a prior proceeding.

This decision merely denies the State Fund a fourth remedy to duplicate the previous remedies.

It is important to both employers and employees that when an employee recovers benefits by misrepresenting his or her physical condition, the State have the tools to punish that person and recover those benefits.

It is equally important that at some point in time innocent third persons[1] who have provided services to injured working people be able to rely on the finality of the Workers' Compensation Court's judgments. Otherwise, there will be fewer people willing to provide services to injured working people in the future. The law as set forth in this opinion is an effort to strike that balance.

Pyfer, as the State Fund admits, is an innocent party who should be able to rely on the finality and integrity of the court's judgment, so long as it was not procured by extrinsic fraud, and so long as there is no statutory authority to set it aside.

We conclude that the Workers' Compensation Court erred when it set aside its previous judgment.

The judgment of the Workers' Compensation Court is reversed and this case is remanded for entry of judgment dismissing the State Fund's Emergency Petition.

CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, GRAY, HUNT, NELSON and WEBER concur.

---

1. Although an attorney in this case, it could be the claimant's doctor, therapist, or rehabilitation provider in the next case.