No. 94-465

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF:

ANDREA KATHRYN MILLER,

    Petitioner and Respondent,

       and

JOHN STANLEY MILLER,

    Respondent and Appellant.

**FILED**

SEP 21 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Mark E. Jones, Missoula, Montana

        For Respondent:

        P. Mars Scott, Mulroney, Delaney & Scott, Missoula,
Montana

Submitted on Briefs:  May 25, 1995

Decided:  September 21, 1995

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Respondent, Andrea Miller (Andrea), filed a motion with the District Court of the Fourth Judicial District, Missoula County, to 'modify the parties' Decree of Dissolution and to award her certain property of the marital estate that had been awarded to Appellant, John Miller (John). The District Court issued an-opinion and Order modifying the Decree of Dissolution and re-allocating various debts and property. John appeals. We affirm in part and reverse in part.

We address the following issues on appeal:

1. Did the District Court err when it modified the parties' Decree of Dissolution and Marital Settlement Agreement?

2. Did the District Court err by not awarding attorney fees to either party?

The District Court dissolved the marriage of Andrea and John on September 22, 1992. The parties had previously entered into a Marital Settlement Agreement for Division of Property, Child Custody, Support, Visitation and Maintenance. The District Court found that this agreement was not unconscionable and incorporated the agreement into the Decree of Dissolution.

The agreement set forth the division of property and debts of the parties' marital estate, custody of the parties' minor children, child support, visitation and maintenance. John represented to the District Court that if he were awarded certain income-producing property of the marital estate amounting to

approximately $23,650.00, he would pay the $23,389.72 in jointly held debts of the marital estate. The property was so awarded, but John has failed to pay the debts or make arrangements to pay them. Because these debts were joint, the parties' creditors sought, and continue to seek, collection of these debts from Andrea.

On May 17, 1993, Andrea filed a motion with the District Court for an order modifying the parties' Decree of Dissolution containing the Marital Settlement Agreement. At the May 25, 1993 hearing on her motion, Andrea testified she would pay the joint debts of the marital estate if she were awarded the income-producing property that had previously been awarded to John.

John did not appear at the hearing and on June 9, 1993, the District Court awarded Andrea the property she requested and ordered her to pay the joint debts of the marital estate. On July 16, 1993, John moved the District Court for a re-hearing on Andrea's motion alleging that he had not received adequate notice of the May 25th hearing. In addition, John filed a Chapter 13 bankruptcy petition on July 30, 1993, which imposed an automatic stay on his property.

On September 1, 1993, the District Court set aside the June 9, 1993 Findings of Fact, Conclusions of Law and Order and on September 13, 1993, John filed his response to Andrea's Motion to Modify. On February 8, 1994, the Bankruptcy Court dismissed John's Chapter 13 petition for bankruptcy. That same day John filed a Chapter 11 petition in bankruptcy court, reimposing the automatic stay. On February 23, 1994, Andrea filed a motion for the District

3

Court to reissue or reconsider the Motion to Modify the Decree, unaware that John had refiled under Chapter 11.

On May 4, 1994, the Bankruptcy Court lifted the automatic stay on John's property, permitting Andrea to seek modification of the Decree of Dissolution in District Court. On May 12, 1994, Andrea again moved the District Court to renew her Motion to Modify the Decree of Dissolution. A hearing regarding this motion was held on July 12, 1994. Both Andrea and John were present and testified regarding payment of the joint debts.

On July 26, 1994, the District Court issued an Opinion and Order modifying the Decree of Dissolution and re-allocating various debts and property. John appeals this Opinion and Order.

## Issue 1

Did the District Court err when it modified the parties' Decree of Dissolution and Marital Settlement Agreement?

The District Court concluded that John's representations that he would pay certain joint debts of the marital estate if he were awarded certain property of the marital estate and his subsequent failure to pay those debts constituted extrinsic fraud. In addition, the court concluded that if extrinsic fraud is committed upon the court in violation of a marital settlement agreement, the power of the court to set aside the agreement is not confined by the terms of the agreement and the court may order such relief as is equitable to the non-fraudulent party.

We review a district court's conclusions of law to determine whether the court's interpretation of the law was correct. In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93.

John contends that the District Court erred when it allowed Andrea's motion for modification to come before the court since it was filed in excess of the 60-day time limit allowed by Rule 60(b)(3), M.R.Civ.P. Moreover, John argues that the District Court erred in concluding that his actions constituted extrinsic fraud.

In order to modify or revoke a final property disposition, § 40-4-208, MCA, requires in pertinent part:

> (3) The provisions as to property disposition may not be revoked or modified by a court, except:
> (a) upon written consent of the parties; or
> (b) *if the court finds the existence of conditions that justify the reopening of* a judgment *under the laws of this state.* [Emphasis added.]

Rule 60(b)(3), M.R.Civ.P., allows, upon motion, relief from a final judgment, order, or proceeding for fraud, whether intrinsic or extrinsic. However, the motion must be made not more than 60 days after the judgment, order or proceeding was entered. In this case, Andrea's original motion to modify the decree was not made until almost eight months after the judgment was entered. Therefore, Andrea's motion was not timely filed to qualify for relief under Rule 60(b)(3), M.R.Civ.P.

Nevertheless, the last sentence of Rule 60(b), M.R.Civ.P., provides several avenues of relief from a judgment whereby no such time limitation is imposed. This residual clause of Rule 60(b), M.R.Civ.P. provides:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

Thus, the three separate avenues for relief from a judgment under this clause are: lack of personal notification, fraud upon the court, or an independent action for extrinsic fraud. See Rule 60(b), M.R.Civ.P.; Salway v. Arkava (1985), 215 Mont. 135, 140, 695 P.2d 1302, 1305. Lack of personal notification is inapplicable to the present case and will not be addressed herein. Accordingly, we examine the present case to determine whether sufficient grounds for relief exist under the residual clause for fraud upon the court or for an independent action for extrinsic fraud.

Fraud upon the court embraces only that species of fraud which subverts or attempts to subvert the integrity of the court itself, or fraud perpetrated by officers of the court so that the judicial machinery cannot perform in an impartial manner. Filler v. Richland County (1991), 247 Mont. 285, 289, 806 P.2d 537, 539 (citing Salway, 695 P.2d at 1306). Fraud upon the court includes only the most egregious conduct, such as bribery of a judge or member of the jury; the fabrication of evidence in which an attorney has been implicated; or the employment of counsel to influence the court. Filler, 806 P.2d at 539; Salway, 695 P.2d at 1306. We have repeatedly held that fraud between the parties or perjury at trial is not fraud upon the court. Wise v. Nirider (1993), 261 Mont. 310, 316, 862 P.2d 1128, 1132; Traders State Bank of Poplar v. Mann (1993), 258 Mont. 226, 236, 852 P.2d 604, 610;

6

Brown v. Small (1992), 251 Mont. 414, 421, 825 P.2d 1209, 1213;
Salway, 695 P.2d at 1306. Thus, John's conduct does not rise to a
level which is egregious enough to be characterized as fraud upon
the court.

Courts of general jurisdiction have always possessed the power
to entertain independent, equitable actions to set aside judgments,
fraud being the chief, although not the exclusive, basis for such
an independent action. Salway, 695 P.2d at 1305. Montana adheres
to the general rule that the fraud must be extrinsic, as opposed to
intrinsic, to support an independent action for fraud under the
residual clause of Rule 60(b). Filler, 806 P.2d 537, 539.

Extrinsic fraud has been defined as some intentional act or
conduct by which the prevailing party has prevented the
unsuccessful party from having a fair submission of the
controversy. Salway, 695 P.2d at 1306 (citing Pilati v. Pilati
(1979), 181 Mont. 182, 193, 592 P.2d 1374, 1380). Extrinsic fraud
is collateral to the matters tried by the court, but does not
include fraud in the matters on which the judgment was rendered.
See Salway, 695 P.2d at 1306 (citing Hall v. Hall (1924), 70 Mont.
460, 467, 226 P. 469, 471.)

The District Court concluded that John had committed extrinsic
fraud by representing that he would pay certain joint debts of the
marital estate and then failing to pay those debts. However,
neither perjured testimony, nor false or fraudulent allegations
used in obtaining a judgment constitute extrinsic fraud. State
Compensation Ins. Fund v. Chapman (1994), 267 Mont. 484, 490, 885

P.2d 407, 411 (citing Traders State Bank, 852 P.2d at 610). False or fraudulent representations or concealments made during court proceedings constitute intrinsic fraud and are not grounds for reopening a decree or judgment by an independent action. State Fund, 885 P.2d at 411; Salway, 695 P.2d at 1307.

In the past we have wrongfully characterized intrinsic fraud in marital dissolution cases as either fraud upon the court or extrinsic fraud and allowed a decree or judgment to be reopened on that basis. See In re Marriage of Lyman (1988), 233 Mont. 283, 762 P.2d 203 (misrepresentations or concealment of assets); Witbart v. Witbart (1985), 216 Mont. 178, 701 P.2d 339 (failure to disclose certain debts owed by parties); In re Marriage of Madden (1984), 211 Mont. 237, 683 P.2d 493 (failure to disclose balloon payment due on house and value of husband's pension); Pilati v. Pilati (1979), 181 Mont. 182, 592 P.2d 1374 (failure to make a full and accurate disclosure of all assets); In re Bad Yellow Hair (1973), 162 Mont. 107, 509 P.2d 9 (misrepresenting facts or concealment of material facts). To the extent that these cases used this proposition, they are overruled. Hereafter, marital dissolution cases will be treated the same as all other cases under Rule 60(b), M.R.Civ.P.

As a result, a decree or judgment in a marital dissolution case, as with judgments in other types of cases, may not be set aside based on a motion or petition claiming intrinsic fraud filed more than 60 days after it was entered. Rule 60(b) (3); State Fund, 885 P.2d at 411. To allow a motion for intrinsic fraud under the

8

residual clause of Rule 60(b), M.R.Civ.P., would negate the intent of the 60-day time limit of subsection (3) of that rule.

It is evident that John's misrepresentations do not constitute extrinsic fraud or fraud upon the court and are thus not grounds for relief under the residual clause of Rule 60(b). Although grounds may have existed for a motion pursuant to Rule 60(b) (3), this does not mean that the judgment can now be set aside for the same reason after the time for post-trial motions has expired.

Accordingly, we conclude that the allegations of fraud relied upon by Andrea fall short of what is legally required to vacate a final judgment pursuant to the residual clause of Rule 60(b), M.R.Civ.P. Therefore, we hold that the District Court erred when it modified the parties' Decree of Dissolution and Marital Settlement Agreement and we reverse the District Court on this issue.

## Issue 2

Did the District Court err by not awarding attorney fees to either party?

The parties' Marital Settlement Agreement, which was incorporated into the dissolution decree, provided that in the event either party instituted legal proceedings to enforce, modify or interpret any provision of the agreement, "the court, as a cost of suit, shall award reasonable attorney's fee [sic] to the prevailing party." On the basis of this provision, both John and Andrea contend that the prevailing party is entitled to reasonable

attorney fees in this action and that the court erred when it ordered each party to bear their own costs and attorney fees.

A review of the record reveals that Andrea did not request attorney fees as a form of relief in her motion for modification.\ Neither did John request attorney fees in his response to Andrea's motion to modify.  The issue of attorney fees was raised for the first time on appeal of the District Court's order. When the issue of attorney fees is omitted from the pleadings, and no evidence is presented on that issue at trial, the issue is outside the purview of the District Court.  In re Marriage of Hill (1994), 265 Mont. 52, 60, 874 P.2d 705, 710 (citing Naftco Leasing Ltd. v. Finalco, Inc. (1992), 254 Mont. 89, 835 P.2d 728).  Accordingly, the District Court did not err in failing to award attorney fees to either party and, instead, ordering each party to pay their own costs and attorney fees.

Affirmed in part and reversed in part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

10

September 21, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


MARK E. JONES
Attorney at Law
P.O. Box 8923
Missoula, MT 598074293

P. Mars Scott, P.C.
MULRONEY, DELANEY & SCOTT
P.O. Box 8228
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *T. Gallagher*
Deputy
